# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE CRAPO, | Case No.  1:13-cv-01190-AWI-GSA-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| RON DAVIS, Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He is represented in this action by Steven C. Sanders, Esq.

Petitioner filed the instant petition on July 30, 2013.  He complains that the evidence was insufficient to support a guilty finding in a disciplinary hearing held on July 9, 2011, for the specific act of "Discourteous Treatment."  (Petition, Ex. A.)

**DISCUSSION**

I.  Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

1

1  dismiss, or after an answer to the petition has been filed.  See Herbst v. Cook, 260 F.3d 1039 (9th

2  Cir.2001).  A petition for habeas corpus should not be dismissed without leave to amend unless it

3  appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson,

4  440 F.2d 13, 14 (9th Cir. 1971).  Accordingly, the Court will conduct a preliminary review

5  pursuant to its authority under Rule 4.

6  II.  Jurisdiction

7       Petitioner is presently serving a term of fifteen years to life on a conviction in 1985 for

8  second degree murder.  (Petition, at 1.)  His Minimum Eligible Parole Date ("MEPD") was

9  February 21, 1993.  Since then, Petitioner has been denied parole repeatedly. (Petition, Ex. B.)

10      On June 22, 2011, Petitioner was charged with a serious rules violation for "Conduct with

11 Potential for Violence."  (Petition, Ex. A.)  Specifically, it was alleged that Petitioner placed

12 saliva on the lenses of his work supervisor's glasses. (Petition, Ex. A.)  On July 9, 2011, a

13 disciplinary hearing was held.  The hearing officer found the evidence did not support the serious

14 rules violation; however, Petitioner was found guilty of the lesser included administrative level

15 offense of "Discourteous Treatment."  (Petition, Ex. A.)  As a result, Petitioner was counseled

16 and reprimanded.  No other sanctions were imposed.  (Petition, Ex. A.)

17      A federal court may only grant a petition for writ of habeas corpus if the petitioner can

18 show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. § 2254(a).  A habeas

19 corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his

20 confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez,

21 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Rule 1 of the Rules Governing Section

22 2254 Cases.   In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method

23 for a prisoner to challenge the conditions of that confinement rather than the fact or length of the

24 custody.   McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea,

25 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254

26 Cases.

27      With respect to prison disciplinary and administrative proceedings, it is established that a

28 constitutional claim concerning the application of rules administered by a prison or penal

1  administrator that challenges the duration of a sentence is a cognizable claim of being in custody
2  in violation of the Constitution pursuant to 28 U.S.C. § 2254. See, e.g., Superintendent v. Hill,
3  472 U.S. 445, 454 (1985) (determining a procedural due process claim concerning loss of time
4  credits resulting from disciplinary procedures and findings). The Supreme Court has held that
5  challenges to prison disciplinary adjudications that have resulted in a loss of time credits must be
6  raised in a federal habeas corpus action and not in a § 1983 action because such a challenge is to
7  the very fact or duration of physical imprisonment, and the relief sought is a determination of
8  entitlement of immediate or speedier release. Preiser, 411 U.S. at 500.

9      It is established in this circuit that where a successful challenge to a disciplinary hearing
10 or administrative sanction *will not necessarily* shorten the overall length of confinement, then
11 habeas jurisdiction is lacking. Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir.2003) ("holding . . .
12 that habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a
13 prison condition will not necessarily shorten the prisoner's sentence").  In Ramirez, a prisoner
14 sought relief pursuant to § 1983 for allegedly unconstitutional disciplinary proceedings that
15 resulted in administrative segregation.  Id.  It was held that § 1983 was the appropriate remedy
16 because the alleged constitutional errors did not affect the overall length of the prisoner's
17 confinement; success in the § 1983 action would not necessarily result in an earlier release from
18 incarceration, and the § 1983 suit did not intrude upon the core or "heart" of habeas jurisdiction.
19 Ramirez, 334 F.3d at 852, 858.

20     The court in Ramirez went further and considered the related question of the extent of
21 habeas corpus jurisdiction, expressly stating that its holding "also clarifies our prior decisions
22 addressing the availability of habeas corpus to challenge the conditions of imprisonment." 334
23 F.3d at 858.  The court reviewed the decisions in Bostic v. Carlson, 884 F.3d 1267 (9th Cir.1989)
24 and Neal v. Shimoda, 131 F.3d 818 (9th Cir.1997) and concluded as follows:

25         Our decision in Neal v. Shimoda, 131 F.3d 818 (9th Cir.1997), illustrates the
           importance of measuring the likelihood that a suit under § 1983 will affect the
26         length of the prisoner's confinement. In Neal, two state prisoners filed suits under
           § 1983 alleging that they were classified as sex offenders in violation of the Due
27         Process and Ex Post Facto guarantees. Id. at 822–23. Among other harms, both
           inmates argued that the classification affected their eligibility for parole. Id. We
28         held that Heck did not require the inmates to invalidate their classification before

3

bringing suit under § 1983, because a favorable judgment "will in no way guarantee parole or necessarily shorten their prison sentences by a single day." Id. at 824. The prisoner suits did not seek to overturn a disciplinary decision that increased their period of incarceration. Rather, a successful § 1983 action would provide only "a ticket to get in the door of the parole board." Id. A favorable judgment, therefore, would not "undermine the validity of their convictions," or alter the calculus for their possible parole. Id.

Neal makes clear that under Preiser habeas jurisdiction is proper where a challenge to prison conditions would, if successful, necessarily accelerate the prisoner's release. Thus, Neal accords with our holding here that habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence.

Ramirez, 334 F.3d at 858–59.

Thus, habeas jurisdiction might be predicated on some "conditions" claims affecting parole only if there is a sufficient nexus to the length of imprisonment or a sufficient likelihood of affecting the overall length of a prisoner's confinement. Docken, 393 F.3d at 1030–31. However, the appellate court emphasized that habeas jurisdiction is absent where the challenge will not necessarily shorten the overall sentence. Ramirez, 334 F.3d at 859. In Ramirez, expunging the disciplinary action was not shown to be likely to accelerate eligibility for parole; rather, success there would have meant only an opportunity to seek parole from a board that could deny parole on any ground already available to it.  Therefore, the suit did not "threaten to advance the parole date." Id.

Additionally, a liberty interest arises under state law when an inmate is subjected to restrictions that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Connor, 515 U.S. 472, 484 (1995).  Nevertheless, the mere possibility of denial of parole at some later time, where one of the factors for parole consideration is serious misconduct, does not amount to the denial of a liberty interest.   In Sandin, the U.S. Supreme Court concluded that a possible loss of credits due to a disciplinary conviction was insufficient to give rise to a liberty interest where "[n]othing in [the State's] code requires the parole board to deny parole in the face of a misconduct record or to grant parole in its absence, even though misconduct is by regulation a relevant consideration." Sandin, 515 U.S. at 487.  The Court went on to note that "[t]he decision to release a prisoner rests on a myriad of considerations," and an inmate is generally "afforded procedural protection at this parole hearing

in order to explain the circumstances behind his misconduct record." Id. at 487.  The Court held that "[t]he chance that a finding of misconduct will alter the balance is simply too attenuated to invoke the procedural guarantees of the Due Process Clause." Id.  After Sandin, in order to demonstrate a liberty interest, an inmate must show that a disciplinary conviction will inevitably lengthen the duration of the inmate's incarceration. Id.  In this case, Petitioner cannot make such a showing.

The Board of Parole Hearings ("BPH") is required by California law to consider multiple factors in assessing whether an individual inmate is suitable for parole.  The BPH may consider factors as wide-ranging as the original crime, an inmate's criminal and social history, his conduct in prison, any psychological evaluations, Petitioner's efforts at rehabilitation, his remorse and understanding of the crime and its effects of the victims, as well as any parole plans he may have. Cal. Code Regs., Tit. 15, § 2402(b)-(d).  Any parole decision depends on "an amalgam of elements, some of which are factual but many of which are purely subjective appraisals by the Board members based on their experience with the difficult task of evaluating the advisability of parole release." Greenholtz v. Inmates of Nebraska Corr. & Penal Complex, 442 U.S. 1, 9–10, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979).  All relevant information available to the parole panel, positive and negative, must be considered.  Cal. Code Regs., Tit. 15, § 2402(b).  The presence of one negative factor does not foreclose a favorable parole determination.  Id.  Rather, the ultimate decision is whether the inmate will pose an unreasonable risk of danger to society if released. Cal. Code Regs., Tit. 15, § 2402(a).

Petitioner's argument that the instant administrative level offense will invariably affect his parole is meritless.  Petitioner reached his MEPD in 1993.  He has served nearly 30 years on his sentence of 15 years to life for the very serious and violent offense of second degree murder, and he has consistently been found unsuitable for parole in numerous parole suitability hearings. (Petition, Ex. B.)  The instant rules violation is classified as an administrative level offense.  It is not a serious rules violation and is therefore not a circumstance demonstrating unsuitability for parole under Cal. Code Regs., Tit. 15, § 2402(c).  The instant administrative level offense of "Discourteous Treatment" is seemingly irrelevant to a finding of current dangerousness.  In light

1   of all of these facts, Petitioner's assertion that this administrative level offense will affect the a

2   future determination of parole suitability, let alone be the sole reason for parole denial, is neither

3   credible nor reasonable.   The mere fact of Petitioner's administrative level violation, while it

4   might possibly constitute one of the myriad of factors that the BPH would consider in a parole

5   hearing, is simply too attenuated to invoke the protections of due process, <u>Sandin</u>, 515 U.S. at

6   487, and it can hardly be considered so pivotal to the question of granting parole that one could

7   conclude that a sufficient nexus exists between it and the length of imprisonment such that a

8   sufficient likelihood exists of it affecting the overall length of Petitioner's confinement. <u>Docken</u>,

9   393 F.3d at 1030–31.   Likewise, Petitioner's claim that the violation may affect the amount of

10  credit he is awarded if he is granted parole in the future is far too speculative to invoke habeas

11  jurisdiction.   For the foregoing reasons, habeas jurisdiction does not lie in this case, and the

12  petition should be dismissed. <u>Ramirez</u>, 334 F.3d at 859.

## RECOMMENDATION

13

14          Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas

15  corpus be DISMISSED with prejudice for lack of jurisdiction.

16          This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii,

17  United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and

18  Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of

19  California.   Within thirty (30) days after being served with a copy, Petitioner may file written

20  objections with the Court.   Such a document should be captioned "Objections to Magistrate

21  Judge's Findings and Recommendation."   The Court will then review the Magistrate Judge's

22  ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).   Petitioner is advised that failure to file objections

23  within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v.</u>

24  <u>Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

25

26

27

28  IT IS SO ORDERED.

Dated:   **October 22, 2013**                          **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE